CLAUDE WRIGHT, JR. AND EAST ORANGE PERSONNEL ASSOCIATION, PETITIONERS-APPELLANTS, v. BOARD OF EDUCATION OF THE CITY OF EAST ORANGE, ESSEX COUNTY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 29, 1983—Decided December 15, 1983.

Before Judges ANTELL and JOELSON.

*Barry A. Aisenstock* argued the cause for appellants (*Rothbard, Harris & Oxfeld,* attorneys).

*Melvin C. Randall* argued the cause for respondent Board of Education of the City of East Orange (*Love & Randall,* attorneys).

Statement in lieu of brief by State Board of Education (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney for respondent State Board of Education; *June Kanter,* Deputy Attorney General, on the statement).

The opinion of the court was delivered by

JOELSON, J.A.D.

Petitioner Claude Wright, Jr., a custodian employed by respondent, was notified in May, 1981 that his employment would be terminated as of July 17, 1981. Claiming that the termination constituted a violation of his bargained right to tenure, Wright and East Orange Personnel Association, his labor representative, requested the Commissioner of Education to hear the controversy and order Wright's reinstatement. The matter was referred to an Administrative Law Judge who rendered an initial decision on a stipulation of facts. In his initial decision, the Administrative Law Judge determined that the termination of Wright's employment violated a right of tenure that he possessed under a collective bargaining agreement between Wright's bargaining unit, East Orange Personnel Association, and respondent. The Commissioner of Education rejected the recommendation of the Administrative Law Judge and dismissed the petition. On appeal to the State Board of Education, with two dissenting votes, the decision of the Commissioner of Education was affirmed. This is petitioners' appeal from the determination of the State Board of Education. We reverse.

According to the stipulation of facts entered into by the parties, Wright was appointed as a custodian in 1973 and was

thereafter reappointed "... for fixed periods not in excess of 12 months." It was further stipulated that under a collective bargaining agreement between respondent and East Orange Personnel Association for the period from July 1, 1980 through June 30, 1982, it was agreed that "[a]ll members of the bargaining unit shall receive tenure after three years of employment." It further appears that the same provision was contained in a collective bargaining agreement with a predecessor labor organization from July 1, 1974 through June 30, 1980.

*N.J.S.A.* 18A:17–3 provides:

Every public school janitor of a school district shall, unless he is appointed for a fixed term, hold his office, position, or employment under tenure during good behavior and efficiency and shall not be dismissed or suspended or reduced in compensation, except as the result of the reduction of the number of janitors in the district made in accordance with the provisions of this title or except for neglect, misbehavior or other offense....[1]

Respondent contends that since all of Wright's appointments were for fixed terms, he was foreclosed from the tenure afforded under *N.J.S.A.* 18A:17–3, and that the provision in the collective bargaining agreement relied upon by petitioners is unenforceable because in contravention of the statute. It has been settled that "[a] binding agreement concerning matters whose regulation the Legislature has chosen to place outside the control of a public employer would not be within the employer's power." *State v. State Supervisory Employees Association,* 78 *N.J.* 54, 79 (1978). *See also Bd. of Education Bernards Tp. v. Bernard Tp. Ed. Ass'n.,* 79 *N.J.* 311 (1979); *Lullo v. Intern. Assoc. of Fire Fighters,* 55 *N.J.* 409, 440 (1970). However, because *N.J.S.A.* 18A:17–3 clearly affords a school district the option of deciding whether it wishes to grant tenure to a janitor, we do not accept respondent's contention that the collective bargaining agreement is in derogation of that statute. The manner in which a school district may grant tenure under the statute is by appointing a janitor for an indefinite term.

---

[1] It has not been argued that this section does not apply to Wright. Obviously, a "custodian" is a janitor dressed in fancier semantic garb.

Therefore, the provision in the contract that "[a]ll members of the bargaining unit shall receive tenure after three years of employment" obligated respondent to appoint Wright for an indefinite term after he had completed three years of employment.

We note in conclusion that respondent does not contend that negotiation of tenure was an impermissible invasion of managerial prerogatives. We add that the negotiation of a tenure not specifically granted or forbidden by statute has been held valid. *Plumbers & Steamfitters v. Woodbridge Bd. of Ed.*, 159 *N.J. Super.* 83 (App.Div.1978).

Reversed.